JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKEEM HAYNES, JASON PASCALL, NKOSI DOYLE, and IRAKLI BAJUNAISHVILI, <br><br> Plaintiffs, <br> v. <br><br> EIA ELECTRIC, INC., MATTHEW ORENT, DAVID ENGEL, and GEORGE ENGEL, <br><br> Defendant. | No.: 22-cv-8645 <br><br> AMENDED COMPLAINT <br><br> JURY TRIAL DEMANDED |

Akeem Haynes, Jason Pascall, Nkosi Doyle, and Irakli Bajunaishvili ("Plaintiffs"), upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      This lawsuit seeks to recover untimely wage compensation for Plaintiffs who work or have worked as manual workers for Defendant EIA Electric, Inc. in New York State ("EIA").

2.      Headquartered in the State of New York, Defendant EIA Electric, Inc. is a company that performs installation services for electrical and other network infrastructure systems.

3.      At all relevant times, Defendants compensated Plaintiffs on a bi-weekly basis.

4.      Despite Plaintiffs spending more than 25% of their workdays engaged in physical tasks, Defendants failed to properly pay Plaintiffs their wages within seven calendar days after the end of the week in which these wages were earned.

5.      In this regard, Defendants have failed to provide timely wages to, and have taken unlawful deductions from the wages of, Plaintiffs.

6.      Plaintiffs bring this action on behalf of themselves to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

### Plaintiffs

7.      Akeem Haynes ("Haynes") is an adult individual who is a citizen and resident of the State of New Jersey.

8.      Haynes was employed by Defendant as an Electrical Field Technician from approximately 2017 until approximately 2019. Haynes has been employed by Defendant as a Foreman from approximately 2019 to the present.

9.      Jason Pascall ("Pascall") is an adult individual who is a citizen and resident of the State of New Jersey.

10.     Pascall was employed by Defendant as an Electrical Field Technician from approximately 2018 until 2019.  Pascall was employed by Defendant as a Foreman from approximately 2019 until approximately May 2022.

11.     Nkosi Doyle ("Doyle") is an adult individual who is a citizen and resident of the State of New Jersey.

12.     Doyle was employed by Defendant as an Electrical Field Technician from approximately December 2019 until approximately February 2022.

13.     Irakli Bajunaishvili ("Bajunaishvili") is an adult individual who is a citizen and resident of the State of New Jersey.

14.     Bajunaishvili has been employed by Defendant as an Electrical Field Technician from approximately 2017 until the present.

15.     Haynes, Pascall, Doyle, and Bajunaishvili are covered employees within the meaning of the NYLL.

**Defendants**

16.     EIA Electric, Inc. is a New York corporation organized and existing under the laws of New York and having its headquarters in Long Island City, New York.

17.     EIA Electric, Inc.'s headquarters and principal executive office is located at 31-00 47th Avenue, Suite 5100, Long Island City, NY 11101.

18.     Defendant Matthew Orent is a citizen and resident of New York.

19.     Defendant Orent is the Chief Operations Officer ("COO") and a partial owner of Defendant EIA.

20.     As COO, Defendant Orent exercises control over all operations of the Company, including its employees and their rates and methods of payment. In December 2022, Defendant Orent informed numerous EIA employees, including Plaintiff Haynes, that they were being laid off.

21.      Defendant David Engel is a citizen and resident of the State of Florida.

22.     Defendant David Engel is a partial owner of Defendant EIA and, until recently, EIA's Chief Technology Officer ("CTO").

23.     As CTO, Defendant David Engel exercised control over employees and their methods of payment. Defendant David Engel exercised responsibility over EIA's enterprise

dispatch application, which manages EIA's employees, processes their payroll, and tracks and analyzes their performance.

24.     Defendant George Engel is a citizen and resident of Florida.

25.     Defendant George Engel is the founder, partial owner, and former Chief Executive Officer ("CEO") of EIA.

26.     During the liability period applicable to this action, Defendant George Engel exercised control over all operations of the Company, including its employees and their rates and methods of payment. During the liability period applicable to this action, while he was CEO, Defendant George Engel had authority to hire and fire employees, and to set their rates and times of payment.

27.     Defendant EIA Electric, Inc. was and is a covered employer within the meaning of the NYLL.

28.     Specifically, Defendants maintained control, oversight, and direction over Plaintiffs, including Plaintiffs' timekeeping, payroll, and other employment practices that applied to them.

## JURISDICTION AND VENUE

29.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiffs and Defendant are citizens of different states and the amount in controversy against the Defendant in this matter exceeds $75,000, exclusive of interest and costs.

30.     Plaintiffs are all residents and citizens of the State of New Jersey.

31.     Defendant EIA is a domestic New York corporation that is organized under the laws of the State of New York and is headquartered in the State of New York.

32.     Defendants David Engel and George Engel are citizens and residents of Florida.

33.     Defendant Orent is a citizen and resident of New York.

34.     Defendants are subject to personal jurisdiction in New York.

35.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

36.     Namely, many of the job sites at which Plaintiffs performed their work for Defendant are located in this District, including in Harlem, the Bronx, the Upper East Side of Manhattan, and Downtown Manhattan.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Late Payment of Wages**

37.     Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

38.     Defendant EIA provides electrical and network infrastructure installation services to customers in New York State.

39.     Defendants hired Plaintiffs Haynes, Pascall, Doyle, and Bajunaishvili as Electrical Field Technicians to physically install electrical system components at customers' job sites. Such components included conduits, wiring, electrical panels, lighting systems, and other electrical devices.

40.     Electrical Field Technicians' entire job responsibilities are to perform the physical installation of electrical system components.

41.     During the times when Plaintiffs were employed by Defendants, they worked at customer job sites in New York City, including many sites in Harlem, the Bronx, the Upper East Side, and Downtown Manhattan.

42.     During the entirety of the time Plaintiffs were employed as Electrical Field Technicians by Defendants, over twenty-five percent of their duties were physical tasks, including but not limited to: (1) physically installing wire conduits at building sites for customers; (2) physically running electrical wire through the conduits once completed; (3) physically installing and mounting electrical panels; (4) physically installing lighting; (5) physically installing other electrical devices; and (6) unloading and carrying supplies and tools needed for installing electrical system components.

43.     In addition to being employed by Defendants as Electrical Field Technicians, Plaintiffs Haynes and Pascall were also employed by Defendants as Foremen.

44.     During the entirety of the time Plaintiffs Haynes and Pascall were employed by Defendants as Foremen, over twenty-five percent of their duties were physical tasks, including but not limited to: (1) physically inspecting and cross-checking the installation work performed by Electrical Field Technicians; (2) walking the job sites to oversee the installation work performed by Electrical Field Technicians; (3) physically preparing areas of job sites for the installation of electrical components; (4) filling in for and performing the work of Electrical Field Technicians when required; and (5) unloading materials and tools needed for installation of electrical systems.

45.     Despite regularly spending more than twenty-five percent of their shifts performing these physical tasks, Plaintiffs were compensated by Defendants on a bi-weekly basis.

46.     Thus, for every other workweek, Defendants failed to pay Plaintiffs their wages earned within seven days of the end of the workweek, as required by NYLL § 191(1)(a).

47.     Every time that Defendants failed to pay Plaintiffs their wages earned within seven days of the end of the workweek, Defendants deprived Plaintiffs of the use of money that belonged to them.  As a result, Plaintiffs were unable to do those things that every person does with their

money, such as paying bills or buying goods that they needed or wanted to buy.  Moreover, by retaining money that belonged to Plaintiffs, Defendants caused Plaintiffs to lose the time value of their money.

48.     For example, for the period beginning on July 20, 2022, and ending August 2, 2022, Plaintiff Haynes was paid his lawfully earned wages on August 5, 2022. *See* Exhibit A, Haynes Paystub.

49.     In this regard, Defendants failed to pay Haynes his wages earned from July 20, 2022 to July 27, 2022, by August 3, 2022, as required by NYLL § 191(1)(a).

50.     In addition to the above, Plaintiffs Haynes and Bajunaishvili performed work for Defendants during the period from November 22, 2022 through December 6, 2022 for which they have not been paid any wages.

<u>FIRST CAUSE OF ACTION</u>
New York Labor Law – Failure to Pay Timely Wages
(Brought on behalf of Plaintiffs)

51.     Plaintiffs realleges and incorporate by reference all allegations in all preceding paragraphs.

52.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protects Plaintiffs.

53.     Defendants failed to pay Plaintiffs on a timely basis as required by NYLL § 191(1)(a).

54.     Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.      Liquidated damages permitted by law pursuant to the NYLL;

B.      Prejudgment and post-judgment interest;

C.      Reasonable attorneys' fees and costs of the action; and

D.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York      Respectfully submitted,
      December 28, 2022       JOSEPH & KIRSCHENBAUM LLP

      By:   _/s/ *Lucas C. Buzzard*_____
           D. Maimon Kirschenbaum
           Lucas C. Buzzard
           32 Broadway, Suite 601
           New York, NY 10004
           Tel: (212) 688-5640
           Fax: (212) 688-2548